## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Leonard Dwayne Hill,<br><br>        Plaintiff,<br><br>v.<br><br>Hector Joyner, Warden, County of Residence: U.S.P. Big Sandy; Warden, County of Residence, U.S.P. Pollock; Warden, County of Residence, U.S.P. Beaumont; Warden, County of Residence, OKC Federal Hold-over; Warden, County of Residence, U.S.P. McCreary; Warden, County of Residence, federal holding placement for proceeding inmates federal and state, Sherburne County Jail in Minnesota,<br><br>        Defendants. | Case No. 21-CV-0057 (NEB/HB)<br><br>**ORDER**<br>**and**<br>**REPORT AND RECOMMENDATION** |

      Plaintiff Leonard Dwayne Hill, a federal prisoner, commenced this action by filing a complaint raising two categories of claims. First, Hill claimed that the sentence for which he was serving his term of imprisonment was invalid. Second, Hill claimed that prison officials had been deliberately indifferent to his medical needs. (*See* Compl. [ECF No. 1].) Hill applied for *in forma pauperis* ("IFP") status but that request was denied on the grounds that the financial information submitted by Hill showed that he could afford to pay the filing fee for this matter without unnecessary hardship. [*See* ECF Nos. 2, 4.] Hill was ordered to pay the filing fee of $402.00 if he intended to continue prosecuting this matter. (Feb. 3 Ord. at 4 [ECF No. 4].)

1

This Court has now received the $402.00 filing fee from Hill. [*See* ECF No. 12.] Along with the filing fee, Hill also submitted an amended complaint [ECF No. 8] and a motion to amend his complaint [ECF No. 10]. The amended complaint includes only allegations related to the legality of Hill's convictions and sentence; indeed, in his motion to amend, Hill asks that his medical-care claim be dismissed and makes clear that he is only challenging his conviction and sentence. (Mot. Amend at 1–2.) Hill is entitled to amend his complaint once as a matter of course. Fed. R. Civ. P. 15(a)(1). Accordingly, the motion to amend will be granted, and the amended complaint will be regarded by this Court as the operative pleading in this matter.

Because Hill is a prisoner, his complaint remains subject to 28 U.S.C. § 1915A, which provides that "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint —
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

This Court warned Hill in denying his IFP application that "a civil lawsuit is not the appropriate procedural vehicle through which to challenge a facially valid criminal

judgment." (Feb. 3 Ord. at 3 (citing *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994)).)

In *Heck*, the Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

512 U.S. at 486–87 (footnote and citation omitted). Although *Heck* on its face bars only suits for monetary damages, the doctrine set forth in *Heck* is applied to any claims raised in a non-habeas civil proceeding, regardless of remedy sought, that necessarily imply the invalidity of the claimant's facially valid conviction or sentence. *See Sheldon v. Hundley*, 83 F.3d 231, 233 (8th Cir. 1996).

    Hill's claim falls squarely within the ambit of *Heck*. The amended complaint makes no pretense that this action is anything other than a frontal attack on Hill's conviction and sentence. (*See* Am. Compl. at 5 ("I was indicted by the federal government for a unconstitutional indictment. The facts that the 'grand jury' indicted me under was not prove beyond a reasonable doubt." (sic throughout)).) A civil lawsuit, however, is not an appropriate procedural vehicle through which to challenge a conviction. Not unless Hill is successful in invalidating his conviction or sentence through another, more appropriate means, such as a motion brought under 28 U.S.C.

§ 2255,[1] may Hill bring civil claims premised on the illegality of the conviction or sentence. Until that day comes, Hill's civil claims attacking his conviction must be dismissed without prejudice. *See Gautreaux v. Sanders*, 395 F. App'x 311, 312–13 (8th Cir. 2010) (modifying dismissal under *Heck* to be without prejudice). It is further recommended that Hill's motion for summary judgment [ECF No. 6], motion for service of process [ECF No. 5] and miscellaneous motion [ECF No. 3] each be denied, consistent with this Court's recommendation of dismissal pursuant to *Heck* and § 1915A.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff Leonard Dwayne Hill's motion to amend [ECF No. 10] is **GRANTED**.

2. The amended complaint [ECF No. 8] is the operative pleading in this matter.

## RECOMMENDATION

**IT IS FURTHER RECOMMENDED THAT**:

1. This matter be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A.

---

[1] Hill has sought (and was granted in part) relief under § 2255 previously, *see United States v. Hill*, Case No. 14-CR-0276 (ADM/SER), 2017 WL 4773110 (D. Minn. Oct. 20, 2017), but a subsequent motion under § 2255 challenging the amended judgment was denied, *see id.*, 2020 WL 247322 (D. Minn. Jan. 16, 2020). Hill has not been authorized by the United States Court of Appeals for the Eighth Circuit to file a successive motion under § 2255. *See* 28 U.S.C. § 2255(h).

2. Hill's miscellaneous motion [ECF No. 3] be **DENIED**.

3. Hill's motion to effect service of process [ECF No. 5] be **DENIED**.

4. Hill's motion for summary judgment [ECF No. 6] be **DENIED**.


Dated: April 1, 2021                    *s/ Hildy Bowbeer*
                                                  Hildy Bowbeer
                                                  United States Magistrate Judge


## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).