# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| LEONARD DWAYNE HILL, | Case No. 21-CV-57 (NEB/HB) |
| Plaintiff, | |
| v. | ORDER ACCEPTING REPORT AND RECOMMENDATION |
| HECTOR JOYNER, et al., | |
| Defendants. | |

Leonard Dwayne Hill sued several prison wardens alleging that his federal conviction was unconstitutional. After screening Hill's complaint pursuant to 28 U.S.C. Section 1915A, United States Magistrate Judge Hildy Bowbeer recommends dismissing the complaint without prejudice. (ECF No. 18 ("R&R").) Hill then filed several documents, including an objection. For the reasons below, the Court overrules Hill's objection and accepts the R&R.

## BACKGROUND

In 2015, a jury found Hill guilty of being a felon in possession of ammunition. *United States v. Hill*, No. 14-CR-276 (ADM/SER), ECF No. 88 (jury verdict) (D. Minn. Aug. 6, 2015); *id.* ECF No. 1 (indictment) (D. Minn. Aug. 18, 2014). Hill was sentenced to 192 months in prison. *Id.*, ECF No. 103 at 2. The Eighth Circuit affirmed his conviction. *United States v. Hill*, 835 F.3d 796 (8th Cir. 2016). Hill filed a motion to vacate his sentence under

28 U.S.C. Section 2255, which the court granted in part, and he was resentenced to 108 months in prison.[1] *Hill*, No. 14-CR-276 (ADM/SER), ECF Nos. 131, 143, 167. The Eighth Circuit affirmed the new sentence. *United States v. Hill*, 769 F. App'x 393 (8th Cir. 2019). Hill later filed another Section 2255 motion,[2] and the court denied it. *Hill*, No. 14-CR-276 (ADM/SER), ECF Nos. 206, 212. In 2020, Hill twice petitioned the Eighth Circuit for permission to file a third Section 2255 motion; the Eighth Circuit denied both requests. *Hill v. United States*, No. 20-2195 (8th Cir. Aug. 19, 2020); *Hill v. United States*, No. 20-2971 (8th Cir. Nov. 24, 2020).

Hill brought this Section 1983 suit in January 2021. In his Amended Complaint,[3] Hill claims that his conviction violates the Fifth, Sixth, and Fourteenth Amendments and that the statute under which he was convicted is unconstitutionally vague. (ECF No. 8 ("Am. Compl.") at 3.) Judge Bowbeer determined that Hill's claims should be dismissed because they challenge his conviction and are therefore barred by the *Heck* rule. (R&R at 2–4 (citing *Heck v. Humphrey*, 512 U.S. 477 (1994)).) After Judge Bowbeer issued her R&R,

---

[1] Hill and the government agreed that based on intervening Eighth Circuit case law, Hill did not have three requisite predicate felonies to qualify for the Armed Career Criminal Act sentencing enhancement.

[2] Hill was able to file a second Section 2255 motion because he had been resentenced after filing his first Section 2255 motion. *Hill v. United States*, No. 19-2381 (8th Cir. Nov. 5, 2019).

[3] Hill also filed a motion to amend, which Judge Bowbeer granted. (ECF No. 10; R&R at 2.) Neither party objected to that decision, so the Court treats Hill's Amended Complaint as operative.

2

Hill filed several documents: a motion for permission to file a Section 2254 motion (which was transferred to, and denied by, the Eighth Circuit), (ECF Nos. 19, 21, 28), a motion "asking for 'understanding' of proceedings," (ECF No. 25), and an objection to the R&R, (ECF No. 27). The Court reviews *de novo* the parts of the R&Rs to which Hill objects. 28 U.S.C. § 636(b)(1); *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995).

**ANALYSIS**

To recover damages for an allegedly unconstitutional conviction under Section 1983, a plaintiff must first prove "that the conviction . . . has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 487. Hill has not made this showing, so the Court will dismiss his Amended Complaint. *Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (citation omitted). Hill's conviction has not been reversed on appeal, expunged by executive order, nor declared invalid by a state tribunal, and no federal court has issued a writ of habeas corpus to him, so he cannot bring a Section 1983 claim based on the alleged unconstitutionality of his conviction.[4]

---

[4] Hill filed a motion asking for "'understanding' of the proceedings." (ECF No. 25.) Specifically, Hill asks whether this Court can overturn his conviction. It cannot. The proper methods for Hill to challenge his conviction, which he has already utilized multiple times, are direct appeals and a motion under Section 2255. A civil action is not the appropriate vehicle to overturn a conviction.
       Hill also filed a miscellaneous motion seeking his release from federal prison, (ECF No. 3), and a motion for summary judgment, (ECF No. 6). Both motions are denied for

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Hill's objection (ECF No. 27) is OVERRULED;

2. The Report and Recommendation (ECF No. 18) is ACCEPTED;

3. Hill's Amended Complaint (ECF No. 8) is DISMISSED WITHOUT PREJUDICE;

4. Hill's miscellaneous motion (ECF No. 3) is DENIED;

5. Hill's motion for summary judgment (ECF No. 6) is DENIED;

6. Hill's motion for the Clerk of Court to serve all defendants (ECF No. 5) is DENIED AS MOOT; and

7. Hill's motion "asking for 'understanding' of proceedings" (ECF No. 25) is DENIED AS MOOT.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: June 18, 2021                            BY THE COURT:

                                                s/Nancy E. Brasel
                                                Nancy E. Brasel
                                                United States District Judge

---

the reasons stated above. Because the Court is dismissing this case, Hill's motion for the Clerk of Court to serve all defendants, (ECF No. 5), is denied as moot.